UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>**JOKE TERANDO,**<br><br>DEBTOR. | CHAPTER 7<br><br>BANKRUPTCY NO. 14-08789<br><br>HONORABLE BRUCE W. BLACK<br><br>HEARING DATE: MAR. 6, 2015<br>HEARING TIME: 9:00 A.M. |

## NOTICE OF FIRST AND FINAL FEE APPLICATION

**Please take notice** that on February 2, 2015, The Law Office of William J. Factor, Ltd., and William J. Factor (collectively the "*Firm*") filed its *First and Final Application for Compensation of The Law Office of William J. Factor, Ltd., as Counsel to the Chapter 7 Trustee* (the "*Application*") with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division. In the Application, the Firm seeks interim compensation in the amount of $3,550.00. The Application is being served contemporaneously with this Notice upon each entity listed on the attached Special Service List and upon those entities receiving notices in the above-captioned case pursuant to the Bankruptcy Court's CM/ECF system. All other entities may obtain a copy of the Application upon request to: Mr. David Paul Holtkamp, The Law Office of William J. Factor, Ltd., 105 W. Madison Street, Suite 1500, Chicago, Illinois 60602; dholtkamp@wfactorlaw.com.

**Please further take notice** that on **March 6, 2015, at 9:00 a.m.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Bruce W. Black, United States Bankruptcy Judge for the Northern District of Illinois, on the 2nd Floor of the Joliet City Hall Building at 150 West Jefferson Street in Joliet, Illinois, and then and there shall present the Application.

Dated: February 2, 2015            **FactorLaw,**

                                   By: /s/ David P. Holtkamp

{00025103}

William J. Factor (6205675)
David P. Holtkamp (6298815)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:   (847) 239-7248
Fax:   (847) 574-8233
Email: wfactor@wfactorlaw.com
       dholtkamp@wfactorlaw.com

## CERTIFICATE OF SERVICE

I, David P. Holtkamp, an attorney, hereby certify that on February 2, 2015, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused:

1. Copies of the *Notice of First and Fianl Application for Compensation of The Law Office of William J. Factor, Ltd., as Counsel to the Chapter 7 Trustee* and the *First and Final Application for Compensation of The Law Office of William J. Factor, Ltd., as Counsel to the Chapter 7 Trustee* to be served upon the parties identified on the below Special Service List by through the Court's Electronic Notice for Registrants, as indicated thereon.

2. Copies of the *Notice of First and Final Application for Compensation of The Law Office of William J. Factor, Ltd., as Counsel to the Chapter 7 Trustee* to be served upon the parties identified on the below General Service List via U.S. Mail.

                                        /s/ David P. Holtkamp

## SPECIAL SERVICE LIST

**Registrants in the Case**
(Service via ECF)

| | |
|---|---|
| Gary L. Gearhart | gearhartlaw@insightbb.com |
| Patrick S Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Thomas B Sullivan | tsullivan@wfactorlaw.com, IL19@ecfcbis.com;gsullivan@ecf.inforuptcy.com |

## GENERAL SERVICE LIST

**Non-Registrants**
(Service of Notice Only via U.S. Mail)

| | |
|---|---|
| **Rukhsana Kousar \| Legal** Specialist \| US Law Division<br>John Hancock Financial Services<br>200 Bloor Street East ST9- A-20<br>Toronto, ON M4W 1E5 | **Internal Revenue Service**<br>PO Box 802502<br>Cincinnati, OH 45280 |
| LaSalle State Bank<br>654 First Street<br>La Salle, IL 61301 | Illinois Department of Revenue<br>Bankruptcy Dept.<br>PO Box 64338<br>Chicago, IL 60664 |
| Joke Terando<br>1126 Marquette St.<br>La Salle, IL 61301 | Down & Dave Johnson<br>PO Box 4994<br>Naperville, IL 60567 |
| Capital One<br>PO Box 30285<br>Salt Lake City, UT 84130 | |

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>**Joke Terando,**<br><br>Debtors. | Chapter 7<br><br>Bankruptcy No. 14-08789<br><br>Honorable Bruce W. Black<br><br>Hearing Date: Mar. 6, 2015<br>Hearing Time: 9:00 a.m. |

**FACTORLAW'S FIRST AND FINAL FEE APPLICATION
<u>AS COUNSEL TO THE TRUSTEE</u>**

The Law Office of William J. Factor, Ltd. and William J. Factor (collectively the "***Firm***"), as counsel to Thomas B. Sullivan, not individually, but solely as the chapter 7 trustee (the "***Trustee***") of the bankruptcy estate (the "***Estate***") of Joke Terando (the "***Debtor***"), submits its First and Final Application for Compensation and Reimbursement of Expenses (the "***Application***") for legal services performed during the period of March 12, 2014, through January 16, 2015 (the "***Application Period***"). In support of this Application, the Firm respectfully represents as follows:

**INTRODUCTION**

1. By this Application, the Firm respectfully seeks an order of this Court allowing and awarding the Firm final compensation in the amount of $3,550, for professional services rendered by the Firm on behalf of the Trustee during the Application Period. The Firm makes this Application pursuant to (a) 11 U.S.C. §§ 105(a) and 330, (b) Rule 2016 of the Federal Rules of Bankruptcy Procedure, (c) applicable provisions of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted by the Office of the United States Trustee, (d) Rule 5082-1 of the Local Bankruptcy Rules for the

{00025103}                              5

United States Bankruptcy Court for the Northern District of Illinois, and (e) other applicable case law, as further discussed herein.

## JURISDICTION

2.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue of this Case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The Court may enter a final order on this Application pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(A) and (O).

## BACKGROUND

### I.  Case Background.

3.  On March 12, 2014, (the "**Petition Date**") the Debtor filed a voluntary petition for relief under chapter 7 of title 11, United States Code, 11 U.S.C. §§ 101, *ff.* (the "**Bankruptcy Code**"), thereby initiating the Case.

4.  Subsequent to the Petition Date, the Trustee was appointed as the interim case trustee. The Trustee now serves as permanent trustee and has the authority to seek the relief requested herein.

5.  The Trustee conducted a meeting pursuant to § 341 of the Bankruptcy Code on or about April 15, 2014, and thereafter entered a no asset report in the Case.

6.  On or about June 17, 2014, the Case was closed and the Trustee discharged. [Dkt. No. 17]

7.  The Trustee learned from a creditor that the Debtor owned an annuity or life insurance policy that has cash value in excess of $30,000.

8. After the Trustee discovered there were assets to administer, he filed a notice of withdrawal of his no asset report [Dkt. No. 18] and a motion to reopen the case and reappoint the Trustee [Dkt. No. 20].

9. The motion to reopen was granted [Dkt. No. 20] and the United States Trustee reappointed the Trustee as the chapter 7 trustee [Dkt. No. 25].

10. Once the Trustee was reappointed, he demanded turnover of the annuity or insurance policy from the debtor. The Debtor complied with the request and has provided the Trustee with a life insurance policy.

11. The documents regarding the policy that the Debtor turned over also reveal that the Debtor paid $50,000 to purchase the life insurance policy. The Debtor appears to have paid these fund on or about February 18, 2014, which was prepetition, however, the insurance company did not offer her a contract until after the Petition Date on March 28, 2014.

12. Therefore, although the $50,000 in funds may have been paid prepetition, the contract was executed post-petition, and thus the insurance company was not entitled to those funds until that date. Essentially, the insurance company was holding the funds until there was a valid contract to apply the funds to.

13. This post-petition transaction is avoidable pursuant to 11 U.S.C. § 549 by the Trustee in that it was an unauthorized use of Estate funds, *i.e.*, the application of the $50,000 of Estate money to the post-petition contract.

14. The Trustee sent a demand letter and draft complaint to John Hancock. John Hancock and the Trustee agreed to settle the Estate's claim for one lump sum payment of $42,500.

15. The Trustee moved pursuant to Federal Rule of Bankruptcy Procedure to approve the settlement with John Hancock for a lump sum

{00025103}                                   7

payment of $42,500. The Court approved the settlement agreement and funds have been remitted to the Trustee in that amount.

## II. Fee Application.

16. On August 22, 2014, the Trustee filed his application to employ William J. Factor and FactorLaw as Counsel to the Trustee. [Dkt. No. 27]. The application to employ was granted effective March 12, 2014. [Dkt. No. 29].

17. No previous fee applications have been submitted by the FactorLaw and FactorLaw has not received any funds prior to this fee application to compensate it for its services to the Estate.

18. This is thus FactorLaw's first and final fee application.

## III. Summary of Services Rendered.

### A. Overview

19. This application is the first and final application for compensation that the Firm has filed in this Case.

20. The ffes for services (the "Services") provide by the Firm during the Application Period are broken down by professional as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| David P. Holtkamp | Associate | $250 | 13.6 | $ 3,400.00 |
| Ariane Holtschlag | Associate | $250 | .6 | $ 150.00 |
| | | **TOTAL:** | **14.2** | **$ 3,550.00** |

21. The Firm respectfully submits that the Services rendered to the Trustee during the Application Period have, in all respects, been reasonable, necessary, and beneficial to the Estate, as further discussed herein.

{00025103}                                     8

22.   The Firm maintains contemporaneous written records of the time expended by its professionals.

23.   Such records for the Case, copies of which are grouped and attached hereto as **Exhibit A**, set forth in detail: (a) the Services rendered by the Firm on behalf of the Trustee, (b) the dates upon which such Services were rendered; (c) the amount of time spent on the Services in one-tenth of one hour increments; and (d) the professionals who performed Services.

> B.  *Category of Services Rendered.*

24.   All services rendered by the Firm fall into the category of recovering the John Hancock funds for the Estate.  This involved reopening the case, employing FactorLaw, drafting a complaint against John Hancock, negotiating settlement with John Hancock, and having that settlement approved by the Court.

## BASIS FOR THE REQUESTED RELIEF

**I.   Compensation Standards.**

25.   Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by

>   comparably skilled practitioners in cases other than cases
>   under this title.

*Id.* § 330(a)(3).

26. In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

27. The Seventh Circuit has mandated that an "attorney's actual billing rate … is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is *strongly presumed* to be the market rate for his or her services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), *cert. denied*, 532 U.S. 1066 (2001).

28. Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*,157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

29. The average hourly billing rate for the attorneys who performed the Services—that is, the "lodestar" rate—is $250.00. This average rate is fair and reasonable in light of the Services provided and the experience of the Firm's professionals. Moreover, the compensation requested by the Firm is reasonable based upon the customary compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

## NOTICE AND NO PRIOR REQUEST

30. A copy of this entire Application is being served upon those parties that receive notice through the Court's ECF/CM System, including the Office of the United States Trustee. In addition, a copy of the attached Notice of Application has been served upon all creditors at least 21 days prior to the hearing to consider approval of the Requested Fees. The Firm respectfully requests that the above-notice (the "***Notice***") be deemed adequate and that the Court find that no other or further notice is necessary

31. No prior request for the relief requested by this Application has been made to this Court or to any other court.

**WHEREFORE**, the Firm respectfully requests that the Court enter an Order (a) allowing and awarding the Firm the fees in the amount of $3,550; (b) authorizing the Trustee to pay the Allowed Fees immediately; and (c) granting such other and further relief as this Court deems just and appropriate.

Dated: February 2, 2015                     Respectfully submitted,
                                            FactorLaw

                                            By: /s/ David Holtkamp

William J. Factor (6205675)
David P. Holtkamp (6298815)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:     (312) 878-4830
Fax:    (847) 574-8233
Email:  wfactor@wfactorlaw.com
            dholtkamp@wfactorlaw.com